UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-21162-CIV-LENARD/Turnoff

ENERGY SOURCE, INC., and
RMS OIL AND GAS, LLC,

    Plaintiffs,

v.

GLEEKO PROPERTIES, LLC; G GROUP
INTERNATIONAL, LLC; TYRONE
STAINDL GRANDBERRY; EDDIE
PACE SINGLETARY; HAZARIE
INTERNATIONAL TRADE SOLUTIONS;
ANGELA HAZARIE; ANF MEDIA
TECH, LLC; LAW OFFICES OF WILLIAM
F. DIPPOLITO, P.S., INC.; WILLIAM F.
DIPPOLITO; AND DONALD RAMSEY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON
## MOTIONS FOR ENTRY OF FINAL DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiffs' Amended Motion for Entry of Final Default Judgment Against Defendants William F. Dippolito, P.S., Inc., William F. Dippolito, Gleeko Properties, LLC, and Eddie Pace Singletary **[DE 44]**, and Plaintiff's Amended Motion for Entry of Final Default Judgment Against Defendant Donald Ramsey. **[DE 62]**. These matters were referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida. **[DE 45, 63]**. A hearing on these motions was held before the undersigned on April 29, 2011. **[DE 73]**. Present at the hearing were Plaintiff's counsel, along with the president of Energy Source, Inc., and counsel for Defendants G Group International, LLC, and Tyrone S. Grandberry. The defaulting Defendants failed to appear. Upon consideration of the written and oral

CASE NO.: 10-21162-CIV-LENARD/Turnoff

arguments, the court file, the applicable law, and being otherwise duly advised in the premises, the undersigned makes the following findings.

## Background

Plaintiffs Energy Source, Inc. ("ESI"), and RMS Oil and Gas, LLC ("RMS"), filed this action against ten (10) Defendants on April 9, 2010. **[DE 1]**. The Complaint alleged, *inter alia*, breach of contract, unjust enrichment, negligent misrepresentation, breach of fiduciary duty, fraud, conversion, violations of the Securities Act of 1933, and the Securities Exchange Act of 1934, RICO Pattern of Racketeering, and conspiracy, and requested an accounting and the imposition of a constructive trust.

According to the Complaint, on or about February 2008, ESI entered into a long-term agreement to purchase a fixed quantity of sugar on a monthly basis at a fixed price from an entity located in Brazil (the "Sugar Agreement"). **[DE 1]** at ¶¶ 16, 17. The Sugar Agreement required ESI initially to issue a bank guarantee to be periodically renewed during its term. Id. at ¶ 18-20.

On or about February 2008, Defendant Donald Ramsey represented to ESI that he could procure financial instruments through his business relationships with various third parties. Id. at ¶ 21. Toward this end, Defendant Ramsey introduced ESI to Defendants G Group International, LLC ("G Group"), Tyrone S. Grandberry, Gleeko Properties, LLC ("Gleeko"), Eddie Pace Singletary, Hazarie International Trade Solutions ("HITS"), ANF Media Tech, LLC ("ANF Media"), and Angela Hazarie (collectively referred to as "the BG Defendants").[1] Id. at ¶ 22. Defendant Ramsey and the BG Defendants represented that they could procure a bank guarantee for use in connection

---

[1] Defendants Hazarie, HITS, and ANF have yet to be served. Plaintiffs have until June 13, 2011, to serve these Defendants. **[DE 68]**.

CASE NO.: 10-21162-CIV-LENARD/Turnoff

with the Sugar Agreement for a fee of $439,200.00 (the "BG Fee"). Id. at ¶ 23.

ESI and RMS entered into an agreement whereby RMS would provide ESI with the BG Fee in exchange for a share of the profits under the Sugar Agreement. Id. at ¶ 24. ESI and the BG Defendants entered into an agreement whereby the BG Defendants would procure the bank guarantee from HSBC bank in exchange for the BG Fee (the "BG Agreement"). Id. at ¶ 25. Defendant Ramsey was to facilitate the procurement of the bank guarantee and assist the BG Defendants with respect to the BG Agreement. Id.

Upon RMS funding the BG Fee, the Dippolito Firm was retained to act as an escrow agent. Id. at ¶¶ 26-27. ESI sent the BG fee to the Dippolito Firm. Id. at ¶ 28. The Dippolito Firm disbursed portions of the BG Fee to Defendant Ramsey and each of the BG Defendants, while retaining a portion for Defendant Dippolito himself. Id. at ¶¶ 29-30. Defendant Ramsey and the BG Defendants failed to procure the bank guarantee. Id. at ¶ 31. As a result, ESI was not able to perform under the Sugar Agreement. Id. at ¶ 32.

Plaintiffs instituted this action seeking the return of the $439,200.00 fee for procuring the bank guarantee in compensatory damages, as well as lost profit damages in the amount of $212,000,000.00 in connection with the Sugar Agreement. Plaintiffs also sought the imposition of a constructive trust upon all of Defendants' property, the appointment of a receiver to take control of Defendants' assets to satisfy the judgments, and the issuance of preliminary and permanent injunctions freezing Defendants' assets and preventing their removal.

On October 29, 2010, the Clerk entered defaults as to Defendants Gleeko and Singletary [DE 25, 26]. On November 16, 2010, Judge Lenard entered an Order to Show Cause requiring Plaintiffs

CASE NO.: 10-21162-CIV-LENARD/Turnoff

to file a motion for entry of final default judgment against these defaulted Defendants or show cause why they should not be dismissed for lack of prosecution by November 23, 2010. **[DE 30]**. On November 29, 2010, Plaintiffs obtained a Clerk's default as to Defendants the Dippolito Firm and Dippolito **[DE 38, 39]**, and on January 13, 2011, as to Defendant Ramsey. **[DE 56]**. On December 10, 2010, Judge Lenard entered an Order to Show Cause requiring Plaintiffs to file a motion for entry of final default judgment against these Defendants or show cause why they should not be dismissed for lack of prosecution by December 17, 2010. **[DE 42]**.

In response to the Orders to Show Cause, Plaintiffs filed the instant motions seeking final default judgment against these five Defendants. Through the first motion, Plaintiffs seek the entry of final default judgment against Defendants Dippolito, the Dippolito Firm, Singletary, and Gleeko **[DE 44]**; through the second motion, against Defendant Ramsey **[DE 62]**. Defendants G Group and Grandberry opposed the entry of final default judgment against the defaulting Defendants arguing that a judgment of liability should not be entered against a defaulting party alleged to be jointly liable until the matter has been adjudicated as to all defendants, and that there was insufficient evidence supporting Plaintiffs' claim for lost profits.[2] Defendants G Group and Grandberry also filed a motion to dismiss which is pending before Judge Lenard.

## Discussion

A review of the docket revealed that there was no record of the defaulting Defendants having received notice of, *inter alia*, the clerk's default or the present hearing. However, Plaintiffs' counsel

---

[2] Although the response was untimely filed, the reasons therefor provided in open court were found to be colorable by the Court.

represented in open court that he mailed notice of the hearing to the defaulting Defendants and that he has routinely sent them copies of all pleadings and court documents. Notwithstanding, the Court is concerned about proceeding with this matter without proper notice to the defaulting Defendants. As such, Plaintiffs shall be responsible for submitting proof of service on the defaulting Defendants with respect to the clerk's default judgment and the instant matter as well as in connection with all future matters. Plaintiffs' burden is without prejudice to recover service costs at a later date.

Moreover, given the fact that not all Defendants have been served and that there is a pending motion to dismiss, there may be issues pertaining to having inconsistent judgments if final default judgment is entered against the defaulting Defendants, as well as attendant issues with respect to proof of lost profit damages. See Days Inns Acquisition Corp. v. Hutchinson, 707 So.2d 747 (1997) (recognizing that where relief against one defendant is completely dependent upon liability of co-defendant, it is improper to enter default judgment until liability of co-defendant is decided). As such, the undersigned finds it inappropriate to review these matters substantively at this time.[3]

In light of the foregoing, it is **RESPECTFULLY RECOMMENDED** that Plaintiffs' Amended Motion for Entry of Final Default Judgment Against Defendants William F. Dippolito, P.S., Inc., William F. Dippolito, Gleeko Properties, LLC, and Eddie Pace Singletary **[DE 44]**, and Plaintiff's Amended Motion for Entry of Final Default Judgment Against Defendant Donald Ramsey **[DE 62]**, both be **DENIED without prejudice**.

---

[3] In fact, review of these matters would not be appropriate until at least after the June 13, 2011 service deadline.

CASE NO.: 10-21162-CIV-LENARD/Turnoff

Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections to this Recommendation with the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida, within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this ___ day of May 2011.

**WILLIAM C. TURNOFF**
**United States Magistrate Judge**

cc: Hon. Joan A. Lenard
    Counsel of Record